UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Case No.:

JENNIFER L. KNEELAND,

    Plaintiff,

v.

CHARTER COMMUNICATIONS HOLDINGS, LLC
d/b/a Charter Spectrum f/k/a Bright House Networks,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

    1.    Plaintiff, Jennifer L. Kneeland (hereinafter "Plaintiff"), alleges violations of the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* (hereinafter "FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* (hereinafter "TCPA") against Defendant, Charter Communications Holdings, LLC d/b/a Charter Spectrum f/k/a Bright House Networks (hereinafter "Defendant"), and states the following in support thereof:

**JURISDICTION AND VENUE**

    2.    This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Supplemental jurisdiction exists for Plaintiff's FCCPA claim pursuant to 28 U.S.C. § 1367.

    3.    Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides here and Defendant placed telephone calls into this District.

1

4. Defendant's communications with Plaintiff in connection with the collection of a consumer debt in Florida, made it foreseeable that Defendant would be haled into a Florida Court. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

## PARTIES

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hillsborough County, Florida.

6. At all times relevant herein, Plaintiff was a "debtor" or "consumer" as defined by Florida Statute § 559.55(8).

7. Plaintiff is the regular user of the cellular telephone and cellular telephone number at issue, (508) *** - 4319.

8. Plaintiff was the "called party" and recipient of the Defendant's hereinafter described calls. See *Soppet v. Enhanced Recovery Co., LLC*, 670 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012); see also *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

9. Defendant is a foreign limited liability company whose principle office is located at 12405 Powers Court Drive, St. Louis, Missouri 63131 and whose registered agent for service of process in the state of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

10. At all times relevant herein, Defendant was a "person" as defined by the FCCPA. *See Williams v. Streeps Music Co.*, 333 So. 2d 65, 67 (Fla. Dist. Ct. App. 1976).

## FACTUAL ALLEGATIONS SPECIFIC TO PLAINTIFF

11. Defendant attempted to collect an alleged debt arising from transactions primarily incurred for personal, family or household purposes from Plaintiff.

12. Specifically, Defendant placed telephone calls to Plaintiff's cellular telephone in an attempt to collect a debt concerning cable television services.

13. The aforementioned debt is a "consumer debt" as defined by Florida Statute § 559.55(6).

14. As described herein, Defendant employed business practices resulting in intentional harassment and abuse of Plaintiff and engaged in a pattern of harassing conduct, by and through its agents and representatives, in an effort to collect a consumer debt.

15. Defendant intentionally called Plaintiffs' cellular telephone with such frequency as can reasonably be expected to harass, in an effort to collect a consumer debt.

16. In or about January of 2017, Plaintiff answered an incoming telephone call from Defendant and explained to a representative of Defendant's that she would like the subject telephone calls to cease.

17. Defendant used an automatic telephone dialing system or a pre- recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

18. Upon answering many of these telephone calls, Plaintiff was greeted either by an automated machine-operated voice message or a noticeable period of "dead air" while the Defendant's telephone system attempted to connect to a live telephone employee.

19. The prerecorded messages left on Plaintiff's voice mail system allowed Plaintiff to conclude that the subject telephone calls were from the Defendant and were made using an automatic dialing system or an artificial or prerecorded voice.

20. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention, which the FCC has opined is the hallmark of an automatic telephone dialing system. *See In the Matter of Rules & Regulations Implementing*

*the Telephone Consumer Protection Act of 2008*, 23 F.C.C.R. 559, 565-66 (2008); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act o 1991*, 18 F.C.C.R. 14014, 14091-92 (2003).

21. After Plaintiff asked for the telephone calls to cease, Defendant did not have express consent to call Plaintiff's cellular telephone. *See 23 F.C.C.R. at 559* (¶ 1) (holding that a person provides express consent to receive autodialed or prerecorded debt collection calls by providing his or her cellular telephone number to a creditor in connection with an existing debt).

22. During the January 2017 communication, Plaintiff unequivocally revoked any express consent Defendant may have had for the placement of telephone calls to Plaintiff's cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

23. Each and every call subsequent to the first revocation that Defendant made to the Plaintiff's cellular telephone number was done so without the express consent of the Plaintiff.

24. Each and every call subsequent to the first revocation that Defendant made to the Plaintiff's cellular telephone number was knowing and willful.

25. Despite actual knowledge of their wrongdoing, Defendant continued the campaign of abuse, calling the Plaintiff despite Plaintiff having revoked any express consent Defendant may have had to call her cellular telephone number.

26. Plaintiff's damages were caused by and directly related to Defendant's attempts to collect a debt by using an automatic telephone dialing system or predictive dialer to call Plaintiff's cellular telephone.

27. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon the right of seclusion.

28. From each and every call without express consent placed by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Defendant's call.

29. From each and every call placed without express consent by Defendant to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time.

30. Specifically, Plaintiff had to waste her time dealing with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

31. Each and every call placed without express consent by Defendant to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. For unanswered calls, Plaintiff had to deal with missed call notifications and call logs that reflected the unwanted calls.

32. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

33. Each and every call placed without express consent by Defendant to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

34. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

35. Defendant's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendant they do not wish to be called.

36. Defendant's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Defendant's call list.

37. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(a).

## COUNT I
**(Violation of the Florida Consumer Collection Practices Act)**

38. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

39. Consumer protection statutes are remedial in nature and should be liberally construed in favor of the public. *See Samara Dev. Corp. v. Marlow*, 556 So. 2d 1097, 1100 (Fla. 1990).

40. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including § 559.72, Florida Statutes.

41. Defendant engaged in an act or omission prohibited under Florida Statute §559.72(7), by willfully communicating with the Plaintiff or any member of her family with such frequency as can reasonably be expected to harass the Plaintiff.

6

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for statutory damages, actual damages, punitive damages, attorney's fees, litigation expenses and costs of suit, and such further relief as the Court deems proper.

## COUNT II
### (Violations of the Telephone Consumer Protection Act)

42. Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

43. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice without consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

44. Defendant knowingly or willfully called Plaintiff's cellular telephone using an automatic telephone dialing system or a pre-recorded or artificial voice after Plaintiff asked for the subject calls to cease.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for $500.00 dollars in statutory damages for each violation of the TCPA over the last four years, $1,500.00 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years, a declaration that Defendant's calls violated the TCPA, a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of Plaintiff using an automatic telephone dialing system or pre- recorded or artificial voice, litigation expenses and costs of the instant lawsuit; and, such further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By:/s/ *Christopher Legg*
Christopher Legg, Esq.

        Florida Bar No. 44460

        CHRISTOPHER W. LEGG, P.A.
        499 E. Palmetto Park Rd., Ste. 228
        Boca Raton, FL 33432
        Office: 954-962-2333
        Chris@theconsumerlawyers.com

        *Attorney for Plaintiff*